IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 16-cv-02065-RM

BRICKLAYERS AND TROWEL TRADES INTERNATIONAL PENSION FUND (IPF);
BRICKLAYERS & ALLIED CRAFTWORKERS INTERNATIONAL HEALTH FUND (IHF);
COLORADO TROWEL TRADES JOINT APPRENTICESHIP AND TRAINING FUND; and
INTERNATIONAL MASONRY INSTITUTE (IMI),

    Plaintiffs,

v.

THE DENVER MARBLE COMPANY,

    Defendant.

---

**ORDER**

---

This matter is before the court on Plaintiffs' Motion for Entry of Judgment by Default and for Award of Attorneys' Fees and Non-Taxable Costs ("Motion") (ECF No. 23) filed pursuant to Fed. R. Civ. P. 55(b) and 54(d)(2). For the reasons stated below, the Motion is denied without prejudice.

### I.    STANDARD

The clerk of court must enter a party's default when that party has failed to plead or otherwise defend itself. Fed. R. Civ. P. 55(a). Thereafter, upon the necessary showing, default judgment must be entered by the clerk of court if the claim is for "a sum certain"; in all other cases, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(1)–(2). "[A] party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court*." Greenwich Ins. Co. v. Daniel Law Firm*, No. 07-cv-2445-LTB-MJW, 2008 WL 793606, at *2 (D. Colo. Mar. 22, 2008) (citation

omitted, brackets in original); *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016) (default judgment committed to court's sound discretion).

Before the Court may grant a motion for default judgment, it must take several steps. First, the Court has an affirmative duty to ensure its jurisdiction over both the subject matter of the action and the parties. *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986); *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1166 (10th Cir. 2011) (default judgment against defendant over whom court has no personal jurisdiction is void). Next, the Court should consider whether the well-pled allegations of fact—which are admitted by a defendant upon default—support a judgment on the claims against the defaulting defendant. *See Tripodi*, 810 F.3d at 764 (by his default, defendant relieved plaintiff from having to prove complaint's factual allegations; the judgment, however, must be supported by sufficient basis in the pleadings).

## II.  BACKGROUND

This is an action for alleged unpaid contributions under ERISA, 29 U.S.C. 1132(g)(2)(A), and under a Collective Bargaining Agreement ("CBA"). Specifically, Plaintiffs' Complaint against Defendant The Denver Marble Company seeks any unpaid contributions "as well as any other contributions determined as due by audit, timecards, or otherwise pursuant to ERISA"; liquidated damages on all late-paid and unpaid contribution under the CBA and ERISA; interest; reasonable attorneys' fees and costs, including audit fees; injunctive relief; and the court to retain jurisdiction pending compliance with any court order. (ECF No. 1, pages 8-9.) Plaintiffs assert one claim for relief based on ERISA and the CBA.

Defendant was served with the complaint, and other documents, on September 5, 2016, but failed to timely answer or otherwise respond. Upon Plaintiffs' motion for default, the Clerk

entered an order of default against Defendant. (ECF No. 17, 18.) Thereafter, Plaintiffs filed the Motion at issue.

### III. ANALYSIS

#### A. Jurisdiction

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) as this action arises under ERISA and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to the extent it also arises under state law. The Court has personal jurisdiction over Defendant as it is a Colorado corporation and has been personally served in Colorado. Accordingly, the Court finds the jurisdictional requirements are met.

#### B. Plaintiffs' Claim

As stated, Plaintiffs' Complaint seeks to recover unpaid contributions, as well as other damages and injunctive relief, under ERISA and the CBA. Plaintiffs' Motion, however, fails to show default judgment may enter on their Complaint.

First, the Motion only refers to recovery under ERISA, leaving open the issue of recovery under the CBA, or the interplay between the two sources upon which recovery is sought. The Declaration of Mr. Stupar sheds light on the bases for recovery, but it is not the obligation of the Court to piece together the parties' arguments. *See Mitchell v. City of Moore*, 218 F.3d 1190, 1199 (10th Cir. 2000) ("The district court was not obligated to comb the record in order to make [plaintiff's] arguments for him."). Next, Plaintiffs' Motion fails to sufficiently establish that they may recover under ERISA. Specifically, Plaintiffs fail to set forth (1) the elements for recovery under 29 U.S.C. § 1132(g)(2)(A), and (2) how their deemed admitted factual allegations, coupled with Mr. Stupar's declaration, support such recovery. Finally, Plaintiffs' Motion seeks an entry of judgment as to unpaid contributions and other damages but leaves open for resolution

Plaintiffs' request for injunctive relief. It is unknown if this request is now being withdrawn. And, if the request is not being withdrawn, Plaintiffs fail to show that such relief may be had. These issues may implicate Fed. R. Civ. P. 54(b), *see Niemi v. Lasshofer*, 770 F.3d 1331, 1341 (10th Cir. 2014), and may impact whether a final judgment may enter, *see Utah v. Norton,* 396 F.3d 1281, 1286 (10th Cir. 2005) ("A final judgment is one that terminates all matters as to all parties and causes of action.") (quotation marks and citation omitted).

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** without prejudice Plaintiffs' Motion for Entry of Judgment by Default (ECF No. 23).

DATED this 27th day of September, 2017.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

4